UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                        Plaintiff,<br><br>    v.<br><br>242.93 ACRES OF LAND, MORE OR LESS, SITUATE IN SAN DIEGO COUNTY, STATE OF CALIFORNIA; AND KYDDLF & RDLFGFT #1, LLC, ET AL.,<br><br>                        Defendant. | Civil No.   10cv1133-BEN (CAB)<br><br>**REPORT AND RECOMMENDATION**<br><br>**[Docs. 48; 51]** |

      On November 9, 2011, plaintiff filed a renewed motion to strike the testimony of defense witness David Wick. [Doc. No. 48.]  Defendant filed an opposition on November 16, 2011. [Doc. No. 53.]  On November 10, 2011, plaintiff also filed a motion to exclude Mr Wick's testimony with the trial court. [Doc. No. 51.]  That motion is scheduled for hearing before the Hon. Roger. T. Benitez on December 19, 2011. As the motions address the same issue, this Court defers to the trial court on the issue of exclusion, however, offers the following recommendation.

      This case involves the value of property condemned by the United States.  Mr. Wick has been identified by defendant as a lay witness who will provide opinion testimony on the market value of the condemned property pursuant to Federal Rule of Evidence ("FRE") 701. Because plaintiff was not made aware that Mr. Wick would be called upon to provide such opinion testimony until he so stated at his deposition, the Court ordered a follow-on deposition of Mr. Wick to allow the plaintiff to further ascertain

the foundation and basis of his opinion. [Doc. No. 42.]

Defendant Mr. Wick's opinion, as required by FRE 701, must be rationally based on the witness's perception, helpful to determining a fact in issue, and may not be based on scientific, technical, or other specialized knowledge within the scope of FRE 702. Thus, his testimony must be based on his particularized knowledge of the parcel, and not on experience, training or specialized knowledge within the realm of an expert. *See Fourth Investment LP v. United States*, 2011 U.S. Dist. LEXIS 6352 at *4 (S.D. Cal. 2011), *citing* FRE 701 Advisory Note to the 2000 Amendments (admitting an owner's valuation opinion under FRE 701 because it was not based on experience, training or specialized knowledge within the realm of an expert, but because of the particularized knowledge that the witness had by virtue of his or her position).

The follow-on deposition of Mr. Wick demonstrates that his opinion is based not on his particularized knowledge of the parcel of land at issue, but on a "methodology" that involved research, experience, and training in real estate investment and lending. As a discovery issue, this Court considers Mr. Wick's proposed testimony to be beyond the scope contemplated by FRE 701, and based on specialized knowledge within the realm of an expert and scope of FRE 702. The deposition transcript, provided as Exhibit 2 to the Declaration of Brett Norris in support of the plaintiff's motion [Doc. No. 48-1,] illustrates that Mr. Wick did independent research to formulate his opinion, relied on his 30 years of experience in the real estate industry, and referenced documents involving transactions not specific to the parcel at issue, but rather related to his specialized knowledge in negotiating land transactions with third parties. [*Id*., Ex. 2 at 123, 124, 126.]

The undersigned finds that Mr. Wick's proposed opinion testimony exceeds lay opinion testimony allowed pursuant to FRE 701. His proposed market value opinion is based on specialized knowledge within the realm of an expert, and he should be have designated as an expert under Fed.R.Civ.P.26(a)(2)(A) and provided a report or disclosure pursuant to Fed.R.Civ.P. 26(a)(2)(B) or (C). The plaintiff is prejudiced by the failure to properly disclose Mr. Wick as a testifying expert and the failure to provide the documents he relied upon or considered in formulating his opinion in a timely matter.

/

/

10xc1133

This Court therefore **RECOMMENDS** that Mr. Wick be precluded from providing opinion testimony regarding the market value of the condemned property due to defendant's failure to comply with Fed.R.Civ.P. 26 and this Court's order regarding the timely disclosure of experts.

DATED: December 1, 2011

_____
**CATHY ANN BENCIVENGO**
United States Magistrate Judge