1  LAURA E. DUFFY
   United States Attorney
2  BRETT NORRIS
   Assistant U.S. Attorney
3  California State Bar No. 224875
   United States Attorney's Office
4  880 Front Street, Room 6293
   San Diego, California 92101-8893
5  Telephone: (619) 546-7620
   Facsimile:   (619) 546-7751
6
   JUSTIN A. OKUN
7  Trial Attorney
   California State Bar No. 230954
8  JOHN O. HOLM
   Trial Attorney
9  U.S. Department of Justice
   Environmental & Natural Resources Division
10 Land Acquisition Section
   601 D Street, Room 3930
11 Washington, DC 20004
   Telephone: (202) 305-0299
12 Facsimile:   (202) 305-0398
13 Attorneys for Plaintiff
   United States of America
14
15                    UNITED STATES DISTRICT COURT
16                  SOUTHERN DISTRICT OF CALIFORNIA
17 THE UNITED STATES OF AMERICA,        ) Civil No. 10cv1133 BEN (KSC)
                                        )
18              Plaintiff,              )
                                        )
19      v.                              ) UNITED STATES OF AMERICA'S
                                        ) MEMORANDUM OF POINTS AND
20 242.93 ACRES OF LAND, MORE OR LESS,  ) AUTHORITIES IN SUPPORT OF
   SITUATE IN SAN DIEGO COUNTY,         ) MOTION IN LIMINE TO EXCLUDE ALL
21 STATE OF CALIFORNIA; AND KYDDLF &    ) EVIDENCE ALLEGEDLY SUPPORTING
   RDLFGFT #1, LLC, ET AL.,             ) DAVID WICK'S OPINION OF VALUE
22                                      )
                Defendants.             ) Trial Date: October 30, 2012
23                                      ) Time: 9:30 a.m.
                                        ) Courtroom 12
24                                      ) Hon. Roger T. Benitez
                                        )
25 _____  ) **MOTION IN LIMINE NO. 1**
26
27
28

On February 23, 2012, this Court excluded the valuation opinion of Defendants' representative, David Wick.[1/]  As a follow-up to that Order, the United States ("Plaintiff") now moves to exclude all evidence allegedly supporting Mr. Wick's opinion.  This evidence should be excluded because: (1) it is no longer relevant; and (2) it was produced more than six weeks after discovery had closed.

## I

## FACTS

On May 25, 2010, Plaintiff condemned a temporary right to enter, survey and test, 242.93 acres of Defendants' property in Otay Mesa, California.  Plaintiff and Defendants both retained expert witnesses to appraise the taking – Plaintiff retained Stephen Roach and Defendants retained Randy Tagg. In accordance with Fed. R. Civ. P. 26(a) and the Court's scheduling order, the parties disclosed Mr. Roach and Mr. Tagg on May 18, 2011, and exchanged their expert reports on August 15, 2011.

But in addition to Mr. Tagg, Defendants also sought to elicit a valuation opinion from their representative, David Wick.  However, Defendants did not disclose Mr. Wick as an expert before the May 18, 2011 deadline, nor did they ever produce a report containing his opinion.  In fact, Mr. Wick's valuation opinion was not disclosed until Plaintiff took his deposition on September 16, 2011 – four months after the expert disclosure deadline had passed and just three days before the close of discovery.

Plaintiff moved to exclude Mr. Wick's opinion on the grounds that it was not properly disclosed.[2/]  Judge Bencivengo (at the time a Magistrate Judge, but now a District Judge) ruled that Defendants had failed to properly disclose Mr. Wick as an expert witness and that, as a result, he could not offer an expert opinion under Fed. R. Evid. 702.  She also ruled, however, that it was unclear whether Mr. Wick could provide a lay opinion as the subject property's manager under Fed. R. Evid. 701.  Thus, Judge Bencivengo denied the motion and ordered Mr. Wick to appear for a second deposition, "limited to his valuation opinion and his foundation for that opinion."[3/]

Mr. Wick appeared for the second deposition on November 2, 2011.  And during that deposition,

---

[1/] Doc. 76.  Mr. Wick is the landowners' representative.

[2/] Doc. 35.

[3/] Doc. 42 at 4:3.

he produced – for the very first time – "a stack of about four to five inches of documents."[4]  Mr. Wick

testified that he had relied on these previously undisclosed documents to formulate his opinion of value.[5]

      Plaintiff later brought a second motion to exclude Mr. Wick's opinions.[6]  It argued that

Mr. Wick's testimony at the second deposition established that he was not offering a lay opinion under

Fed. R. 701, but an expert witness opinion under Fed. R. Evid. 702.  This Court agreed and ruled that

"**Mr. Wick cannot provide an expert opinion in this case as to the value of the subject properties.**"[7]

      Defendants have identified 58 documents that they intend to use as trial exhibits.[8]  But of those

58 documents, 40 were first produced during Mr. Wick's second deposition.[9]  Plaintiff respectfully

moves to exclude these 40 exhibits on the grounds that they: (1) are irrelevant now that Mr. Wick's

opinion is excluded; and (2) were produced long after discovery had closed.

## II

## ARGUMENT

### A.    The Documents Should Be Excluded Because They Are Irrelevant

      Fed. R. Evid. 401 defines "'relevant evidence'" as "evidence having any tendency to make the

existence of any fact that is of consequence to the determination of the action more probable or less

probable that it would be without the evidence."  Fed. R. Evid. 402 provides that "[e]vidence which is

not relevant is not admissible."

      Mr. Wick's opinion of value is of no "consequence" in this case because this Court excluded it.

As a result, Mr. Wick's opinion is irrelevant.  And because it irrelevant, the documents allegedly

supporting it are also irrelevant.  Those documents must now be excluded pursuant to Rule 402.

---

[4] Mr. Wick's Deposition Transcript Vol. II, attached to accompanying Declaration of Brett Norris ("Norris Dec.") as Exhibit 1 at p. 123:3-4.

[5] Id. at 123:2-124:23.

[6] Plaintiff's Motion to Exclude The Valuation Testimony of David Wick, Doc. 51-1.

[7] Order Granting Motion to Exclude the Valuation Testimony of David Wick, Doc. 76 at 5:26-27. (Emphasis added.)

[8] Defendants' Memorandum of Contentions of Fact and Law, Doc. 71 at 11-16.

[9] Id.  Defendants identify the 40 exhibits as: H, I, J, K, L, M, N, O, P, Q, R, S, T, U, V, W, X, Y, Z, AA, AB, AC, AD, AE, AF, AG, AH, AI, AJ, AK, AL, AM, AN, AO, AP, AQ, AR, AS, AT, and AU.

1    Defendants will undoubtedly argue that Mr. Wick can still testify as a fact witness at trial, and

2    that he may rely on these documents in that capacity.  But if these documents really supported

3    Mr. Wick's factual testimony, then he was required to produce them at his first deposition, not at his

4    second.  Plaintiff's notice of Mr. Wick's first deposition included a document request, which required

5    Mr. Wick to produce: "Any and all DOCUMENTS YOU will use to support your testimony at trial."[10]

6    Tellingly, Mr. Wick did not bring a single document to his first deposition.  And by failing to do so, he

7    admits these documents are not needed to support his factual testimony.

8    Moreover, by waiting until his second deposition to produce these documents, Mr. Wick admits

9    that they are only relevant to his opinion testimony.  As noted above, then Magistrate Judge Bencivengo

10   ordered that the scope of Mr. Wick's second deposition was "limited to his valuation opinion and his

11   foundation for that opinion."[11]  In other words, the second deposition was not an opportunity for

12   Mr. Wick to expand upon his earlier factual testimony or to provide a new basis for it.  Rather, it was

13   only an opportunity for him explain his opinion and provide the foundation for it.  Thus, by bringing the

14   documents to his second deposition and not to his first, Mr. Wick concedes that these documents are

15   only needed to support his now inadmissible opinion of value.  By definition, these documents are now

16   irrelevant and Rule 402 requires that they be excluded.

**B.    The Documents Should Be Excluded Because Defendants Failed To Produce Them On Time**

19   Even if Defendants could show that these documents are somehow relevant to Mr. Wick's factual

20   testimony, they would still be ripe for exclusion because they were produced long after the deadline to

21   do so had passed.  Fed. R. Civ. P. 26(a)(1)(A)(ii) and 26(e) require litigants to produce all documents

22   that might be used to support their claims or defenses, regardless of whether the opposing party has

23   issued a discovery request.  The purpose of this rule is to ensure the parties are aware of one another's

24   claims and to eliminate trial by ambush.[12]  In this case, the Court ordered the parties to complete all

---

[10] Deposition Notice of David Wick, Ex. 2 to Norris Dec. at 3:13-14.

[11] Doc. 42 at 4:3.

[12] Gallagher v. Southern Source Packaging, LLC, 568 F.Supp.2d 624, 631 (E.D.N.C. 2008), quoting Tucker v. Ohtsu Tire & Rubber Co., 49 F.Supp.2d 456, 460 (D.Md. 1999).

discovery (i.e., to produce all documents supporting their claims and defenses) by no later than September 19, 2012.[13/]  Defendants did not produce the subject documents, however, until November 2, 2012 – more than six weeks too late.

Litigants that fail to comply with discovery deadlines are subject to sanctions under Fed. R. Civ. P. 37(c).  The Court's Scheduling Order warns of this fact, stating in bold font that:

> **Except as provided in the paragraph below, any party that fails to make these disclosures shall not, absent substantial justification, be permitted to use evidence . . . at the time of trial.  In addition, the Court may impose sanctions as permitted by Fed. R. Civ. P. 37(c).[14/]**

Under Rule 37(c)(1), a party that fails to disclose information as required by Rule 26(a) is precluded from presenting the undisclosed information at trial unless: (1) there is "substantial justification" for the failure; or (2) the "failure is harmless."[15/]  The party in default of its disclosure obligation bears the burden of showing substantial justification or lack of harm.[16/]  And if the party cannot carry this burden, then exclusion under Rule 37(c) is "automatic and mandatory."[17/]

Exclusion of the subject documents is required because Defendants cannot show that their untimely production was justified or harmless.  For one, Defendants had multiple opportunities to produce the documents earlier, yet they repeatedly failed to do so.  For instance, they could have produced the documents with their initial disclosures on February 11, 2011, but they did not.  They could have produced the documents in response to Plaintiff's first set of production requests (dated April 21, 2011), its second set of production requests (dated June 3, 2011), its third set of production requests (dated June 22, 2011), or its fourth set of production requests (dated August 16, 2011), but they did not.  They also could have produced the documents at Mr. Wick's first deposition on September 16, 2011,

---

[13/] Doc. 26 at 2:15-16.

[14/] Id. at 2:6-9.  Emphasis in original.

[15/] Continental Laboratory Products, Inc. v. Medax International, Inc., 195 F.R.D. 675, 676 (S.D. Cal. 2000), quoting Fed. R. Civ. P. 37(c)(1).

[16/] Yeti by Molly Ltd. v. Deckers Outdoor Corp., 259 F.3d 1101, 1106-07 (9th Cir. 2001).

[17/] Continental Laboratory Products, 195 F.R.D. at 676, quoting Finley v. Marathon Oil Co., 75 F.3d 1225, 1230 (7th Cir. 1996).  (Emphasis added.)

but, as stated above, they did not.  Finally, they could have supplemented their initial disclosures at any time before the September 19, 2011 cutoff (pursuant to Rule 26(e)), but again, they did not.  Instead they waited, producing them for the first time on November 2, 2011.  This untimely production – six weeks after discovery had closed – was at best, negligent, and at worst, done in bad faith.  Either way, it was not substantially justified.

Nor can Defendants show that the production of these documents was harmless.  Because they were produced after the discovery cutoff, Plaintiff's expert, Mr. Roach, was unable to review or respond to them.  Thus, Roach will be unable to offer his opinion on the documents during trial.  Defendants will likely argue that this harm could be cured by allowing Mr. Roach to issue an amended report now.  That, however, will not erase the prejudice.  Under that scenario, Plaintiff would have to pay Mr. Roach to review the documents, to prepare a new report, and likely to prepare for a second deposition.  These additional costs and delays – not to mention the disruption to Plaintiff's trial preparations – would only further prejudice Plaintiff.

In sum, Defendants cannot show that their failure to produce the subject documents within the discovery period is justified or harmless.  Exclusion of the documents is therefore mandatory under Rule 37(c).

10cv1133

**III**

**CONCLUSION**

Plaintiff respectfully asks this Court to exclude the following items on Defendants' pretrial exhibit list: H, I, J, K, L, M, N, O, P, Q, R, S, T, U, V, W, X, Y, Z, AA, AB, AC, AD, AE, AF, AG, AH, AI, AJ, AK, AL, AM, AN, AO, AP, AQ, AR, AS, AT, and AU.  Exclusion is appropriate because, as discussed above, these documents are irrelevant and were produced after discovery had closed.

Dated: April 23, 2012

Respectfully submitted,
LAURA E. DUFFY
United States Attorney

s/Brett Norris
BRETT NORRIS
Assistant United States Attorney
JUSTIN OKUN
Trial Attorney
Attorneys for Plaintiff
United States of America

6

10cv1133