# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br>vs.<br>242.93 ACRES OF LAND, et al.<br><br>　　　　　　　Defendants. | CASE NO. 10cv1133 BEN (CAB)<br><br>ORDER RE: MOTIONS IN LIMINE<br><br>(Docket Nos. 84, 85, 86, and 92) |

## INTRODUCTION

　　The United States has filed three motions in limine: (1) to exclude all evidence "allegedly supporting David Wick's opinion of value;" (2) to exclude all evidence of possible future takings over the subject property; and (3) to exclude all evidence of comparable sales relied on by Defendants. The Defendants have also filed a motion in limine to exclude the expert testimony of the United States' appraiser, Stephen Roach, and evidence supporting his opinion. For the reasons stated below, the United States' motion in limine No. 1 is granted. The United States' motions in limine Nos. 2 and 3 are denied. The Defendants' motion in limine is denied.

## BACKGROUND

　　On May 25, 2010, the United States filed a Complaint and Declaration of Taking condemning a temporary, non-exclusive, right to enter Defendants' property for twelve months. At trial, both parties will present evidence going to the value of the taking.

**DISCUSSION**

**I.  United States Motion in Limine No. 1.**

The United States moves to exclude evidence supporting the valuation opinion testimony of Mr. David Wick.  Wick's opinion was to be offered by the Defendants.  However, this Court has excluded the expert opinion of Wick.  The United States now moves to exclude some 40 documents that Wick produced at his second deposition.  These documents evidence property transactions that the Defendants seek to identify as comparable leases.  The United States argues that these documents/leases should be excluded along with Wick's opinion testimony. The United States also argues that these documents/leases should be excluded because they were first produced by the Defendants long after the close of discovery.

The Court agrees.  Since Wick will not be permitted to offer opinion testimony, the documents and leases supporting his opinion testimony will be excluded, unless a sufficient foundation is laid for each document or lease by another qualified witness.  "[T]here is a distinction between admitting a comparable sale as direct proof of a property's value and allowing an expert to refer to the comparable sales in explaining his/her own valuation of a property." *United States v. 87.89 Acres of Land*, Case No. Civ. F03-6064 AWILJO, 2005 WL 2810641, *18 (E.D. Cal. Oct. 25, 2005) *(citing United States v. Johnson*, 285 F.2d 35, 40-41 (9th Cir. 1960)). These excluded documents are identified as exhibits lettered: "H" through "Z", and, "AA" through "AU."

Moreover, while Defendants point out that 32 of the 40 documents were also produced prior to the discovery cutoff, at least eight of these 40 documents were not disclosed until well after the discovery deadline.  As a discovery sanction under FRCP Rule 37, these eight documents may not be introduced by the Defendants for any reason.  These eight documents are identified by the Defendants as exhibits lettered: "O," "AA," "AE," "AM," "AN," "AO," "AP," and "AU."

**II.  United States Motion in Limine No. 2.**

The United States anticipates that the Defendants will attempt to use evidence of possible future takings as evidence to prove damages to the subject property.  The Defendants have responded saying that is not the intent.  Accordingly, this motion in limine is DENIED as moot.

**III.  United States Motion in Limine No. 3.**

The United States moves to exclude evidence of 21 transactions relied on by the Defendants' expert, Mr. Randy Tagg.  The United States argues that the 21 property transactions are not suitably comparable to the right of entry taken by the United States.

This Court will permit Tagg to testify as an expert witness.  As an expert witness, his opinion will be based upon property transactions and values that, in his opinion, are comparable. The United States will have an opportunity on cross-examination to probe and explore the characteristics and values of the comparables upon which Tagg's opinion relies.  *See United States v. 429.59 Acres of Land*, 612 F.2d 459, 462 (9th Cir. 1980) ("Comparable sales may be cited by the expert as a basis for his opinion on the value of the property.  When sales of other property are used as a basis of expert testimony, the requirement of showing similarity between the subject property and the other sales is not as rigorous as it is when the sales of other property are offered as substantive proof of value.  Instead, the proper inquiry is whether the expert has made careful inquiry into the facts of the other sales, and whether his opinion is founded upon such careful inquiry.  In situations where there are few instances of comparable sales in recent times, the expert is only expected to make a reasonable estimate of the market value of the subject property after examining all the relevant facts.") (citations omitted)*; see also Johnson*, 285 F.2d at 40-41.  This motion in limine is denied.[1]

**IV.  The Defendants' Motion in Limine**

The Defendants move to preclude the expert testimony of the United States' appraiser, Mr. Stephen Roach.  The Defendants argue that Roach's testimony is based on inadmissible evidence of 46 right of way easements, the United States' use of the easement taken, and statements of permissive entry without easements.  The Defendants also seek to exclude Roach's ultimate opinion of value.

As an expert witness, Roach's opinion will also be based upon property transactions and

---

[1] This Court's denial of any motion in limine does not necessarily mean that the evidence will be admitted at trial.  *Hawthorne Partners v. AT & T Technologies, Inc.*, 831 F. Supp. 1398, 1401 (N.D. Ill. 1993).  "The court will entertain objections on individual proffers as they arise at trial, even though the proffer falls within the scope of a denied motion in limine."  *Id.*

values that, in his opinion, are comparable.  The Court will not probe with a scalpel, in the operation room of a motion in limine, the basis for an expert's opinion.  "Where, for any reason, property has no market, resort must be had to other data to ascertain its value; and, even in the ordinary case, assessment of market value involves the use of assumptions, which make it unlikely that the appraisal will reflect true value with nicety." *United States v. Miller*, 317 U.S. 369, 374 (1943) (citations omitted).  The Defendants will also have an opportunity on cross-examination to probe and explore the characteristics and values of the comparables upon which Roach's opinion relies.  *429.59 Acres of Land*, 612 F.2d at 462; *Johnson*, 285 F.2d at 40-41.  This motion in limine is denied.[2]

## CONCLUSION

The United States' motion in limine No. 1 is granted as follows: the documents and leases supporting Wick's opinion testimony will be excluded, unless a sufficient foundation is laid for each document or lease by another qualified witness.  These documents are identified as exhibits lettered: "H" through "Z", and, "AA" through "AU."  Moreover, eight documents may not be introduced by the Defendants for any reason (Exhibits "O," "AA," "AE," "AM," "AN," "AO," "AP," and "AU").

The United States' motion in limine No. 2 is denied as moot.

The United States' motion in limine No. 3 is denied.

The Defendants' motion in limine is denied.

**IT IS SO ORDERED.**

DATED:  October 16, 2012

_____
Hon. Roger T. Benitez
United States District Judge

---

[2]See n.1, supra.